

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# USA v. Winkelman

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Winkelman" (2006). *2006 Decisions.* Paper 1096.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1096

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4500

_____

UNITED STATES OF AMERICA

vs.

GEORGE A. WINKELMAN

George Winkelman,

Appellant

(D.C. Criminal No. 01-cr-00304-8)

_____


_____

No. 03-4753

_____

UNITED STATES OF AMERICA

vs.

JOHN F. WINKELMAN, JR.,

Appellant

(D.C. Criminal No. 01-cr-00304-9)

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge: The Honorable James F. McClure, Jr.

_____

Before: SCIRICA, <u>Chief Judge</u>, and NYGAARD,  <u>Circuit Judge</u>,
and ALARCON,[*] <u>Circuit Judge</u>.

(Filed: May 18, 2006)

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellants, George and John Winkelman, appeal their convictions and sentences

on numerous weapons and narcotics charges.  We will affirm the conviction of George

Winkelman, 03-4500, but vacate his sentence and remand his case to the District Court

for resentencing under *United States v. Booker*, 463 U.S. 220 (2005) and *United States v.*

*Cooper*, 437 F.3d 324 (3d Cir. 2006).  We will affirm both the conviction and sentence of

John Winkelman, 03-4753.

**I.**

After trial, a jury returned a verdict of guilty against both George and John

Winkelman for conspiracy to distribute cocaine and conspiracy to distribute five

kilograms or more of cocaine and distribution of cocaine to persons less than 21 years of

age, in violation of 21 U.S.C. §§ 846 and 859 respectively (count one).  Both were also

_____

*Honorable Arthur L. Alarcon, Senior Circuit Judge for the Ninth Circuit Court of
Appeals, sitting by designation.

found guilty of possession with intent to distribute 500 grams or more of cocaine, also in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B)(ii) (count nine). John Winkelman was found guilty of substantive distribution, attempted distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (counts two, three, four and eight), as well as carrying or using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1) (count thirteen). George Winkelman was found guilty of two counts of substantive distribution, attempted distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (counts five and eight), as well as two 18 U.S.C. § 924(c)(1) weapons violations (counts ten and twelve).[1]

Over George Winkelman's objections to his pre-sentence report, the trial judge sentenced him to an aggregate term of 720 months' imprisonment: 360 months on counts one and nine and 240 months on counts five, all to be served concurrently; 60 months on count ten, to be served consecutively; and 300 months on count twelve to be served consecutively. Over objections to his pre-sentence report, particularly to the findings of drug quantities, leadership role in the offense and that he was a career offender because of his two prior felony drug trafficking convictions, John Winkelman was sentenced to an aggregate term of life imprisonment plus five years, consisting of concurrent life sentences on counts one and nine, 30 years each on counts two, three, four and eight, and

_____

1       Counts six and seven were withdrawn from the jury's consideration and deleted from the indictment.

60 months on count thirteen to be served consecutively. Both filed timely notices of appeal. Their appeals were consolidated.

Five issues are now before us: (1) whether the District Court erred by denying Appellants' motions to dismiss the third superceding indictment on the grounds of prosecutorial vindictiveness; (2) whether the District Court's deletion of the reference to a specific firearm in count twelve of the indictment charging George Winkelman with carrying, using or possessing a firearm in furtherance of a drug trafficking crime was an unlawful amendment of the indictment; (3) whether the District Court erred by engaging in impermissible judicial fact-finding as to John Winkelman's two prior felony controlled substance convictions which in turn mandated his life sentence; (4) whether the District Court violated the Eight Amendment's prohibition of cruel and unusual punishment when it sentenced John Winkelman to life in prison after it found that he was a career offender responsible for the distribution of at least fifteen kilograms of cocaine; and (5) whether the District Court's judicial fact-finding as to the quantity of narcotics attributed to George Winkelman, his leadership role in the offense and his obstruction of justice unlawfully enhanced his sentence under *United States v. Booker,* 463 U.S. 220 (2005).

## II.

We first conclude that the District Court did not err when it denied Appellants' motions to dismiss the third superceding indictment on the grounds of prosecutorial misconduct. Appellants' argument that the third superceding indictment was filed in

4

retaliation for their rejection of proposed guilty pleas is unsupported by the record. First, just because one event follows another does not necessarily suggest a causal connection between the two. "[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the [indictment] are unjustified." *United States v. Goodwin*, 457 U.S. 368, 382-83 (1982). Appellants argue that because prosecutors had sufficient information to charge them with trading weapons for narcotics as part of the general conspiracy charge in count one, that the charge should have been contained in one of the previous superceding indictment. However, prosecutors are permitted to make charging decisions, and the decision to exclude the illegal trading from the conspiracy count is entirely permissible. The prosecutor in this case declared before the Court that the entire trading scheme did not become clear until after substantial witness interrogation while preparing for trial. Even if the prosecutor possessed information on the trading scheme at the time the first and second superceding indictments were filed, there would be no presumption of vindictiveness because a prosecutor may charge a defendant with crimes bearing an increase in punishment in response to the defendant's rejection of a negotiated guilty plea. "[J]ust as a prosecutor may forego legitimate charges already brought in an effort to save the time and expense of trial, [he] may [also] file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." *Goodwin*, 457 U.S. at 380 (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 362-65 (1978)).

Here, Appellants were given proposed plea deals after lengthy negotiations between counsel in which the prosecution informed defense counsel that both George and John Winkelman faced potentially significant weapons charges in addition to the narcotics charges. Trial was fast approaching. It had already been delayed because the trial judge had generously extended the time for Appellants' to file various motions and responses and to hold hearings on those motions. After Appellants' refused the negotiated plea agreements, and the judge rescheduled trial once again, prosecutors continued questioning witnesses and gathering further evidence to support the weapons for narcotics trading scheme. The grand jury then returned the third superceding indictment containing these additional charges, trial ensued and Appellants' were convicted. Both were free to accept negotiated plea deals, as had their seven co-defendants, but chose otherwise. Appellants cannot convince us now that just because going to trial and challenging the additional charges, of which the jury found both guilty beyond a reasonable doubt, resulted in harsher punishment for them that they were vindictively prosecuted.

**III.**

We next conclude that the District Court did not err when it deleted the reference to a specific firearm in count twelve of the third superceding indictment, which charged George Winkelman with carrying, using or possessing a firearm in furtherance of a drug trafficking crime. This deletion did not amount to an impermissible amendment of the

6

indictment but was a mere variance from the indictment. *See United States v. DeCavalcante*, 440 F.2d 1264, 1270-71 (3d Cir. 1971) (describing the evolution of indictment by grand jury and the differences between an amendment and variance).

We review a variance from the indictment for harmless error. *See DeCavalcante*, 440 F.2d at 1271. Toward the end of the trial, the prosecution moved to strike as surplusage the reference to the Mossberg 12-gauge shotgun in count twelve as the weapon George Winkelman was alleged to have used, carried and possessed during his cocaine distribution activities in the fall of 2000. The District Court granted the motion over George Winkelman's objections. As a result, the jury could convict George Winkelman of using, carrying or possessing any firearm in relation to drug trafficking during this period. George Winkelman was charged with three counts of violating 18 U.S.C. § 924(c)(1) (counts ten, eleven and twelve), and fifteen different weapons were listed and alleged to have been used during the entire drug trafficking operation, from January 1986 to October 2001. The Court's instructions to the jury did not reference any specific firearm in relation to any of the § 924(c)(1) charges, only that to be found guilty of using, carrying or possessing a firearm in relation to drug trafficking, the prosecution must prove beyond a reasonable doubt that the defendant actively employed the firearm, carried the firearm (such as transporting it by person or vehicle) and that defendant's possession of the firearm furthered or advanced the drug trafficking operation. Therefore, no matter what firearm the jury found George Winkelman guilty of using, carrying or possessing, the statute forbidding it would have been violated, and he would have been

7

found – and was found – guilty on count twelve. We find no error. "The variance . . . added nothing new . . . and constituted no broadening" of the indictment. *See United States v. Miller*, 471 U.S. 130, 145 (1985).

**IV.**

We next decide that the District Judge did not commit plain error when he determined that John Winkelman was to be sentenced to life in prison because he had been twice convicted for drug trafficking felonies. First, the argument that a prior conviction must be found by a jury was explicitly rejected in both *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998) ("to hold that the Constitution requires recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as 'go[ing] to the punishment only.'"), *reh'g denied*, 530 U.S. 1299 (2000), and in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). *Booker* did not affirmatively overrule the holding of either case. *See Ordaz,* 398 F.3d at 241 (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc*. 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.")) Therefore, we hold that the District Judge permissibly found that John Winkelman had previously been twice

8

convicted of felony drug offenses and used this finding to sentence him to life in prison pursuant to 21 U.S.C. § 841(b)(1)(A).

**V**.

We next conclude that the District Court neither violated John Winkelman's Eighth Amendment rights nor committed plain error when it sentenced him to life in prison, after finding that he was criminally responsible for distributing at least 15 kilograms of cocaine and was a career offender. Because this issue was not raised in the District Court, we apply plain error review. When analyzing proportionality, we consider the seriousness of the offense, the magnitude of the penalty and the sentences imposed on other defendants for the same crime both within and without the jurisdiction. We also accord deference to the legislatures within whose broad authority rests the power to determine types of and limits on punishments for crimes. However, the Eighth Amendment protects only against punishments grossly disproportionate to the crime. *See United States v. MacEwan,* 2006 WL 861184, at *7 (3d Cir. 2006) (citing *Ewing v. California*, 538 U.S. 11, 30 (2003)). Therefore, if the defendant cannot show a "gross imbalance" between the sentence and the crime, we end our analysis. *MacEwan* 2006 WL 861184, at *7.

John Winkelman has been twice convicted of felony drug offenses, has been convicted of the present offenses on appeal, including long-term drug trafficking as well as trading drugs for weapons, and has been convicted of trafficking in more than 15 kilograms of cocaine. We cannot term "cruel and unusual" a sentence of life in prison for

9

a career drug trafficker who adamantly refuses to abide by our nation's drug laws, despite prior convictions and punishment, and as a result of his voluntary choices, has landed back in prison. The District Court neither erred nor violated John Winkelman's constitutional rights when imposing this sentence, and it will therefore be affirmed.

## VI.

Lastly, we determine that the District Judge erred when he engaged in fact-finding regarding the quantity of drugs for which George Winkelman was responsible, his leadership role in the offense and his obstruction of justice. Because this issue was not raised in the District Court, we apply plain error review. The challenged judicial fact-finding at issue here violated the now-advisory federal sentencing scheme articulated in *United States v. Booker*, 463 U.S. 220 (2005), and therefore, we find plain error. *See United States v. Davis*, 407 F.3d 162, 164 (3d Cir. 2005) ("In cases where a defendant's sentence is enhanced based on facts neither admitted to nor found by a jury, the defendant can demonstrate plain error and may be entitled to resentencing.") We will therefore vacate George Winkelman's sentence and remand his case to the District Court for resentencing under *Booker* and our recent guidance as articulated in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006).

## VII.

We will affirm the conviction of George Winkelman, 03-4500, but vacate his sentence and remand his case to the District Court for resentencing under *United States v.*

*Booker*, 463 U.S. 220 (2005) and *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006).

We will affirm both the conviction and sentence of John Winkelman, 03-4753.