

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-5-2007

# USA v. Winkelman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Winkelman" (2007). *2007 Decisions.* Paper 812.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/812

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1554

———————

UNITED STATES OF AMERICA

v.

GEORGE A. WINKELMAN,
                                                    Appellant.

———————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 01-cr-00304-8)
District Judge: Honorable James F. McClure, Jr.

———————

Submitted Under Third Circuit LAR 34.1(a)
July 5, 2007

Before: Rendell, Hardiman and Cowen, <u>Circuit</u> <u>Judges</u>

(Filed: July 5, 2007)

———————

OPINION

———————

PER CURIAM

      Appellant George Winkelman was found guilty by a jury in United States District

Court for the Middle District of Pennsylvania of these felony drug trafficking counts of

the Third Superseding Indictment: Count One, conspiracy to possess with intent to

1

distribute and to distribute in excess of five kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; Count Five, possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); and Count Nine, possession with intent to distribute more than 500 grams of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). By special verdict the jury found that, pursuant to 21 U.S.C. § 853 as enumerated in Count Sixteen of the Third Superseding Indictment, the criminal forfeiture count, Winkelman and his brother, John F. Winkelman, Jr., were jointly and severally liable for $2,000,000, which represented the amount of proceeds obtained as a result of the above drug trafficking offenses.[1]

Winkelman was sentenced by the District Court to an aggregate term of imprisonment of 720 months. We affirmed the convictions on appeal but remanded for resentencing pursuant to United States v. Booker, 463 U.S. 220 (2005), and United States v. Cooper, 437 F.3d 324 (3d Cir. 2006). On October 17, 2006, the District Court resentenced Winkelman to an aggregate term of imprisonment of 480 months. Winkelman appealed but then later moved to withdraw the appeal. We granted his motion on January 19, 2007.

Meanwhile, on April 10, 2002, the United States Department of Justice, Drug Enforcement Administration ("DEA") issued a Declaration of Forfeiture and

---

[1] Winkelman also was convicted of two counts of violating 18 U.S.C. § 924(c).

administratively forfeited $5,499 seized from Winkelman when he was arrested.  On August 6, 2004, Winkelman filed a pro se motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return of the $5, 499 on the ground that the government did not allege at trial that this money had been obtained illegally. The government submitted a response to the motion, arguing in pertinent part that the property was subject to forfeiture as substitute assets.  In an order entered on February 3, 2005, the District Court denied Winkelman's Rule 41(g) motion.  The court determined that, because the government properly secured a forfeiture order, the $5,499 was subject to criminal forfeiture as substitute assets.  It therefore was not necessary to determine whether the administrative forfeiture provisions were followed.  Winkelman appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291.  We agree with the District Court and will adopt its reasoning.  If as a result of some act or omission of the defendant, the government cannot trace the proceeds of an offense to specific assets, it may seek the forfeiture of "any property, cash or merchandise, in satisfaction of the amount of criminal forfeiture to which it is entitled."  United States v. Voigt, 89 F.3d 1050, 1088 (3d Cir. 1996).  See also 21 U.S.C. § 853(p) (authorizing forfeiture of substitute assets).  In Voigt, we held that a defendant convicted of laundering $1.6 million was required to forfeit that amount as a money judgment.  89 F.3d at 1084.  When the government could not directly trace any forfeitable proceeds to the defendant's current assets, we held that the government could satisfy the $1.6 million judgment by seeking forfeiture of the defendant's assets as substitute assets.  Id. at 1088.

3

The requirements of the applicable statute and criminal rule must be satisfied and they were here. The indictment put Winkelman on notice that the government would seek the forfeiture of property as part of any sentence. Fed. R. Crim. Pro. 32.2(a). The government moved for a preliminary order of forfeiture, Fed. R. Crim. Pro. 32.2(b), in John, Jr.'s case, correctly noting that Winkelman and his brother were jointly and severally liable for $2,000,000 pursuant to 21 U.S.C. § 853.[2] The motion included the language necessary to effectuate the forfeiture of substitute assets in accordance with 21 U.S.C. § 853(p), that is, the government averred that it had made a diligent search and had been unable to take actual possession of the forfeited proceeds from the Winkelmans' drug trafficking activities. In granting the government's motion for a preliminary order of forfeiture, the District Court specifically authorized the seizure of substitute assets, 21 U.S.C. § 853(p)(2). It clearly had the authority to do so without regard to whether the administrative forfeiture provisions were followed. See 21 U.S.C. § 853(p)(1); Fed. R. Crim. Pro. 32.2(b).[3]

We will affirm the order of the District Court denying Winkelman's motion for return of property.

---

[2] Defendants may be jointly and severally liable in drug cases such as this one. United States v. Pitt, 193 F.3d 751, 765 (3d Cir. 1999) ("Like 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(a)(1) imposes joint and several liability with respect to forfeiture.")

[3] The government has argued for the first time on appeal that proper administrative procedures *were* followed, but, because this argument was not raised in the district court, we need not entertain it here.