

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2007

# Arevalo v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2813

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Arevalo v. USA" (2007). *2007 Decisions.* Paper 555.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/555

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2813
_____

JOSE LUIS AREVALO,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Misc. No. 05-mc-00110)
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
August 14, 2007

Before: RENDELL, HARDIMAN AND COWEN, CIRCUIT JUDGES

(Filed:   August 22, 2007)
_____

OPINION
_____

PER CURIAM

    Appellant, Jose Luis Arevalo, appeals the judgment of the United States District

Court for the Eastern District of Pennsylvania dismissing his motion pursuant to Fed. R.

Crim. P. 41(g).  For the reasons that follow, we will vacate and remand.

On July 13, 1999, the United States Customs Service ("the Government") seized $459,370 in United States currency and other personal property. The Government published a notice of the seizure in the <u>Philadelphia Inquirer</u> on May 10, May 17, and May 24, 2000. No claim for return of the seized property was filed. On May 31, 2000, the Government administratively forfeited the seized property.

On May 30, 2005, Arevalo filed a motion pursuant to Fed. R. Crim. P. 41(g) seeking the return of seized property.[1] In the alternative, Arevalo's motion asserted that, if the property had been forfeited, the Government failed to give him proper notice of the forfeiture proceedings in violation of the Due Process Clause. The Government responded, arguing that Arevalo's motion should be dismissed as untimely, and the District Court entered a memorandum and order dismissing the motion on that basis. Arevalo appeals.[2]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise de novo review over a District Court's order dismissing an action on statute of limitation grounds. <u>Lake v. Arnold</u>, 232 F.3d 360, 365 (3d Cir. 2000).

First, we address the characterization of Arevalo's "motion." Although Arevalo

---

[1] Arevalo's motion is dated May 30, 2005. Because Arevalo was incarcerated at the time he filed his <u>pro se</u> motion, we deem his motion filed on that date. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 275 (1988).

[2] Arevalo has submitted an affidavit attesting that he submitted a timely notice of appeal to prison officials for mailing to the District Court on February 16, 2006. He also submitted a copy of that notice of appeal. Accordingly, we deem his notice of appeal timely. <u>See</u> <u>Houston</u>, 487 U.S. at 275.

characterized his action as a Rule 41(g) motion and the District Court's memorandum and order refers to it as such, we have held that when the property in question has already been forfeited, we will construe a Rule 41(g) motion as a civil action in equity. United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc). Accordingly, we will treat Arevalo's "motion" as an equitable civil action.

The Government asserts that Arevalo's action is barred by the five-year statute of limitation set forth in the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983(e)(3). CAFRA became effective on August 23, 2000, and codified a uniform statute of limitation for filing an action that challenges a forfeiture proceeding. Id.. CAFRA's limitation period runs from the date of the final publication of notice of seizure of the property. Id. Accordingly, if CAFRA applies, Arevalo's action was filed after the expiration of the limitation period.[3]

We have held that "CAFRA does not apply retroactively to civil forfeiture proceedings commenced before August 23, 2000." United States v. One "Piper" Aztec, 321 F.3d 355, 359 (3d Cir. 2003). We have also held that "the commencement of a forfeiture proceeding can mean only the point when the government first files its complaint for forfeiture in rem under 18 U.S.C. § 981(b) . . . . The proceeding commences with the government's action and ends when the final appeal is exhausted. No other interpretation is sensible." Id.

---

[3] Here, the final publication was on May 24, 2000. Arevalo did not file his civil action until May 30, 2005, six days after the expiration of the limitation period.

3

Arevalo argues that, because the challenged forfeiture proceeding was commenced prior to CAFRA's effective date, CAFRA's limitation period should not apply. We agree. The forfeiture proceeding Arevalo seeks to challenge commenced prior to CAFRA's effective date; accordingly, CAFRA does not apply.

The Government argues that, because the administrative portion of the forfeiture proceeding had concluded, Arevalo's action should be construed as a new proceeding subject to CAFRA's limitation period. Although Arevalo's civil action commenced after CAFRA's effective date, CAFRA applies only to a forfeiture proceeding that commenced on or after August 23, 2000. One "Piper" Aztec, 321 F.3d at 359. Thus, regardless of when Arevalo filed his civil action, because the challenged forfeiture proceeding commenced prior to CAFRA's effective date, CAFRA's limitation period does not apply.

Pre-CAFRA actions involving the forfeiture of property by the United States without proper notice are subject to a six-year limitation period. See 28 U.S.C. § 2401(a); Menkarell v. Bureau of Narcotics, 463 F.2d 88, 91 (3d Cir. 1972); United States v. One Toshiba Color Television, 213 F.3d 147, 158 (3d Cir. 2000) (en banc). The earliest time that Arevalo's claim could have accrued was July 13, 1999, when the property was seized. See Ikelionwu v. United States, 150 F.3d 233, 238 (2d Cir. 1998). Arevalo filed his action on May 30, 2005, less than six years later. Accordingly, his action is not barred by § 2401(a)'s limitation period.

For the foregoing reasons, we will vacate the District Court's order and remand for further proceedings.