**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4409
_____

UNITED STATES OF AMERICA

v.

GEORGE A. WINKELMAN,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-01-cr-000304-008)
District Judge:  Honorable James F. McClure
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2011

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed June 10, 2011)

_____

OPINION
_____

PER CURIAM

        George A. Winkelman, proceeding pro se, appeals from the order of the District

Court denying his motion for the return of property.  For the following reasons, we will

affirm.

In June 2003, following a jury trial in the Middle District of Pennsylvania, George Winkelman was convicted of a number charges related to narcotics trafficking. The jury also found by special verdict that Winkelman and his co-defendant brother were jointly and severally liable for two-million dollars of proceeds resulting from their drug trafficking activities. The court sentenced him to an aggregate term of 720 months of imprisonment. This Court affirmed his conviction, but remanded for resentencing pursuant to United States v. Booker, 462 U.S. 220 (2005) and United States v. Cooper, 437 F.3d 324 (3d Cir. 2006). (C.A. 03-4500.) The District Court resentenced him to an aggregate term of 480 months. Winkelman appealed, but later withdrew the appeal.

In October 2006, the government moved for administrative forfeiture of the brothers' bank account to satisfy the verdict. The District Court granted the motion. In October 2010, Winkelman filed a motion for return of property, pursuant to Federal Rule of Criminal Procedure 41(g), in which he sought the return of the bank account. He argued that the affidavit of probable cause used to obtain the temporary restraining order that prevented him from accessing the money contained perjured information. He also claimed that his due process rights were violated before his assets were frozen.[1]

The District Court concluded that Winkelman could not properly seek the return of his property under Rule 41(g), which provides that: "A person aggrieved by an unlawful

_____

[1] Winkelman also argued that the affidavit of probable cause in support of the search warrant for his house was falsified, and claimed that his counsel was ineffective for failing to move for the return of his property. The District Court did not address these claims because they were not directly related to the motion

2

search and seizure of property or by the deprivation of property may move for the property's return. . . ." Instead, a motion pursuant to 18 U.S.C. § 983(e) is the exclusive remedy to set aside a declaration of civil forfeiture. 18 U.S.C. § 983(e)(5); see, e.g., United States (Drug Enforcement Agency) v. One 1987 Jeep Wrangler Auto Vin No. 2BCCL8132HBS12835, 972 F.2d 472, 479-80 (2d Cir. 1992). The District Court denied the motion without prejudice, and indicated that Winkelman could bring a civil action under 18 U.S.C. § 983(e).

Winkelman filed a motion for reconsideration, on which the District Court has not ruled, and a timely notice of appeal. We have jurisdiction over the appeal under 28 U.S.C. § 1291.[2]

Winkelman claims that the District Court abused its discretion in denying his motion without prejudice, and argues that the court should have instead treated his Rule 41(g) motion as a civil complaint. He relies on this Court's unpublished opinion in Arevalo v. United States, 238 Fed. Appx. 869 (3d Cir. 2007), in which we determined that it was appropriate to construe the appellant's Rule 41(g) motion as a civil action in equity. As the government points out in their brief, the challenged forfeiture proceeding in Arevalo pre-dated the effective date of the Civil Asset Forfeiture Reform Act ("CAFRA") and its provision (18 U.S.C. § 983(e)(5)) that it be the exclusive remedy for

---

for the return of property, and we see no reason to do so on appeal.

[2] The government argues that Winkelman lacks standing, relying on United States v. Perullo, 178 F.3d 196 (3d Cir. 1999). Pelullo, however, concerned a defendant's interest in property forfeited under the Racketeer Influenced and

3

setting aside a declaration of forfeiture.  Moreover, Winkelman fails to explain how he

has been harmed.  There is nothing preventing him from filing a civil action and applying

for in forma pauperis status.  We find no error with the District Court's disposition.

For the foregoing reasons, we will affirm the District Court's judgment.

---

Corrupt Organizations Act (RICO), and does not apply here.