CLD-252                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1638
_____

GEORGE A. WINKELMAN,
                                                          Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 4-11-cv-01248)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.66
August 9, 2012

Before:  RENDELL, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: August 28, 2012)
_____

OPINION
_____

PER CURIAM

    George A. Winkelman appeals pro se from the order of the District Court denying

his motion for the return of property forfeited to the United States.  He also has filed a

1

motion for review of the Clerk's order of March 29, 2012, which granted him leave to proceed in forma pauper ("IFP") on appeal and required assessment of the filing and docketing fee under the Prison Litigation Reform Act ("PLRA"). We will affirm the judgment of the District Court. We will also grant Winkelman's motion to vacate the IFP order to the extent that it requires payment of the filing fee under the PLRA.

I.

In 2001, the Government indicted Winkelman on charges arising from his participation in a cocaine distribution ring and other criminal activity. The third superseding indictment included a charge of criminal forfeiture under 21 U.S.C. § 853. During the criminal proceeding, the Government sought and the District Court granted a temporary restraining order freezing a Sovereign Bank account that Winkelman held with his brother and co-defendant under the name Winkelman, Inc. In 2003, a jury found Winkelman guilty of narcotics and firearms offenses and found him liable for $2 million on the forfeiture count. The District Court sentenced him to 720 months of imprisonment. We affirmed Winkelman's convictions but remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Winkelman, 180 F. App'x 397, 402-03 (3d Cir. 2006). Winkelman raised no issue regarding forfeiture on appeal.[1]

---

[1] While that appeal was pending, Winkelman filed a motion under Rule 41(g) of the Federal Rules of Criminal Procedure for the return of $5,499 that the Government seized at the time of his arrest and as to which it had sought a preliminary order of forfeiture. The District Court denied that motion in 2005, and we ultimately affirmed on the ground

On remand, the Government filed a motion for a preliminary order of forfeiture against Winkelman's interest in the bank account to satisfy the jury's verdict. The District Court granted the motion on October 10, 2006. On October 17, 2006, the District Court sentenced Winkelman to 480 months of imprisonment, and its written judgment attached the preliminary order of forfeiture, which then became final.[2]

Winkelman appealed from this new judgment, but we granted him leave to withdraw the appeal. See Winkelman, 242 F. App'x at 822. Winkelman also filed a motion under 28 U.S.C. § 2255 claiming, inter alia, that the forfeiture count was erroneously presented to the jury. The District Court denied that motion and we declined to issue a certificate of appealability. (C.A. No. 08-1932, July 10, 2008.)

Since then, Winkelman has unsuccessfully continued to challenge various aspects of his criminal judgment through various procedural mechanisms, including habeas petitions under 28 U.S.C. § 2241 and motions under Rule 60(b) of the Federal Rules of Civil Procedure. See, e.g., Winkelman v. Longley, 462 F. App'x 181, 182 (3d Cir. 2012). At issue here is another such attempt. In 2010, Winkelman filed another putative Rule 41(g) motion, this time seeking the return of his interest in the Sovereign Bank account

---

that the money was properly subject to criminal forfeiture as substitute assets. See United States v. Winkelman, 242 F. App'x 821, 822-23 (3d Cir. 2007).

[2] The preliminary order had contemplated the possibility of future ancillary proceedings involving claims to the property made by third parties, but there were no such claims in this case. See United States v. Bennett, 423 F.3d 271, 275 n.1 (3d Cir. 2005). Thus, the order of forfeiture became final at the time of sentencing and became part of the criminal judgment. See id. at 275; Fed. R. Crim. P. 32.2(b)(4).

referenced above. Winkelman claimed that the Government committed various forms of misconduct, and that his counsel rendered ineffective assistance, in connection with the pre-trial temporary restraining order freezing that account.

The District Court initially concluded that Rule 41(g) was not the proper vehicle to challenge the forfeiture because it deemed the forfeiture civil in nature. It thus denied Winkelman's motion without prejudice to his ability to institute a civil action under 18 U.S.C. § 983(e) instead. Winkelman appealed, and we affirmed. See United States v. Winkelman, 430 F. App'x 208 (3d Cir. 2011). We did not specifically endorse the procedure that the District Court directed Winkelman to follow, but we explained that he would not be prejudiced by it. See id. at 210.

Winkelman then instituted the action at issue here by filing a motion under 18 U.S.C. § 983(e), once again seeking return of the Sovereign Bank account on the same grounds. This time, the Magistrate Judge concluded that that statute does not apply because it governs civil forfeiture proceedings, not criminal forfeiture proceedings like those brought against Winkelman.[3] The Magistrate Judge then noted that 21 U.S.C. §

---

[3] We agree, though we acknowledge that the District Court initially characterized the forfeiture at issue as civil or administrative. See Winkelman, 430 F. App'x at 209-10. There is no doubt, however, that the forfeiture was criminal in nature. Winkelman was convicted on a forfeiture count expressly charged under 21 U.S.C. § 853, which is entitled "criminal forfeitures." The provisions governing civil forfeiture, by contrast, apply to "declaration[s] of forfeiture under a civil forfeiture statute," 18 U.S.C. § 983(e)(5), which is defined as "any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense," 18 U.S.C. § 983(i)(1). For this reason, the body of case law addressing challenges under Rule 41(g) or by independent action in equity to civil and administrative forfeitures is

4

853(n) provides the exclusive means for asserting an interest in property ordered forfeited to the United States in a criminal case. That statute does not authorize a defendant's own post-conviction challenge to a forfeiture, however, and the Magistrate Judge did not state otherwise. See 21 U.S.C. § 853(n)(2) (permitting petition by "[a]ny person, other than the defendant"). Instead, the Magistrate Judge liberally construed Winkelman's motion and concluded that he is not entitled to relief on the merits, in large part because he did not avail himself of prior opportunities to challenge the forfeiture. The District Court adopted the Magistrate Judge's recommendation and denied Winkelman's motion by order entered February 24, 2012. Winkelman appeals pro se. We have jurisdiction under 28 U.S.C. § 1291.

## II.

The sole relief that Winkelman seeks is the return of his interest in the Sovereign Bank account that was forfeited to the United States as part of his criminal judgment. We agree with the District Court that he is not entitled to that relief, though we find it necessary to clarify what seems implicit in the Magistrate Judge's reasoning. Winkelman challenges the Government's and his counsel's conduct in connection with the pre-trial restraint of his bank account. That account was later forfeited, however, and the forfeiture is now part of Winkelman's criminal judgment. Thus, to obtain return of his

---

inapplicable. See, e.g., United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc) (collecting cases under, inter alia, former Rule 41(e)). Those cases also address challenges based on lack of notice, which Winkelman does not claim here.

5

interest in the account, Winkelman must first succeed in invalidating his judgment.

The usual way of seeking to do so is by pursuing a direct appeal, which Winkelman chose to forgo. Winkelman argues that he has since learned facts requiring the return of his interest in the account. In particular, he argues that the Government committed various kinds of misconduct (including perjury) in obtaining the pre-trial restraint of that account. He also argues that his trial counsel did nothing to attempt to lift that improper restraint. We need not decide whether there is any procedural mechanism for pursuing these arguments at this stage because, even if there is, they do not state a basis for relief. These arguments are addressed solely to the <u>pre-trial restraint</u> of Winkelman's interest in the bank account and do not state a basis to invalidate his subsequent criminal judgment. We will affirm the District Court's judgment for that reason.[4]

---

[4] We nevertheless note that neither a Rule 41(g) motion nor a civil action under 18 U.S.C. § 983(e) is a proper vehicle for collaterally challenging a criminal judgment of forfeiture. See <u>United States v. Chambers</u>, 192 F.3d 374, 377 (3d Cir. 1999) ("a [former] Rule 41(e) motion is properly denied if . . . the property is . . . subject to forfeiture") (quotation marks omitted); 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture <u>under a civil forfeiture statute</u>.") (emphasis added). Defendants generally may collaterally attack their sentences under § 2255, and to the extent that Winkelman may wish to invalidate his conviction or sentence he must apply to this Court for leave to file a second or successive § 2255 motion and make the showing required by 28 U.S.C. §§ 2255(h), which his current claims do not do. Winkelman has not sought to raise his claims under § 2255, however, and courts have held that § 2255 authorizes challenges addressed only to custody and not to fines, restitutionary orders and the like. See <u>Kaminski v. United States</u>, 339 F.3d 84, 87 (2d Cir. 2003); <u>United States v. Thiele</u>, 314 F.3d 399, 401-02 & 402 n.3 (9th Cir. 2002). The same would appear to apply to criminal forfeitures as well. Other courts also have suggested that a writ of error coram nobis might be available to

One final matter requires discussion. Winkelman filed a motion seeking leave to proceed IFP on appeal. Because Winkelman is a prisoner, the PLRA requires him to pay the full filing fee in installments when he "brings a civil action or files an appeal in forma pauperis[.]" 28 U.S.C. § 1915(b)(1). In his IFP motion, Winkelman asserted that this provision should not apply to him because he intended to challenge the criminal forfeiture in his criminal case but then filed a separate civil action only because the District Court directed him to do so, which the District Court now agrees it should not have done. The Clerk granted Winkelman's IFP motion but required the assessment of fees under the PLRA. Winkelman has filed a motion for review of that order.

The motion is granted. There is no basis for Winkelman to challenge the forfeiture in his criminal case as he initially sought to do, and his repeated and meritless filings have required the expenditure of Court resources at which the filing fee is directed. See Porter v. Dep't of Treasury, 564 F.3d 176, 180 n.2 (3d Cir. 2009). The relevant question for PLRA purposes, however, is whether Winkelman's challenge constitutes a "civil action" thereunder. See Santana v. United States, 98 F.3d 752, 754-56 (3d Cir. 1996). The District Court did not expressly address whether it does, either on Winkelman's initial putative Rule 41(g) motion or in his subsequent action under §

defendants seeking to collaterally attack such sentencing provisions. See, e.g., Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997). Coram nobis, however, generally is available only when the petitioner is not in custody and may not be used to circumvent procedural barriers to filing a second or successive § 2255 motion. See United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (en banc). We need not and do not decide

983(e), and we have not decided whether either type of proceeding triggers the PLRA. Cf. United States v. Jones, 215 F.3d 467, 469 (4th Cir. 2000) (holding that motions filed under former criminal Rule 41(e) after the conclusion of criminal proceedings are "civil actions" for PLRA purposes). We also did not address the issue in Winkelman's prior appeal, and instead held only that Winkelman would not be prejudiced by proceeding as the District Court suggested. Winkelman's challenge is not a true challenge under either of those vehicles in any event, and the nature of his challenge does not lend itself to ready characterization for PLRA purposes.

We need not decide the issue in this case, however. We acknowledge that there has been some confusion about both the nature of Winkelman's forfeiture and whether he has a vehicle to challenge it. That confusion, of course, has been partly the result of Winkelman's decision to seek relief where none is available. Winkelman, however, might have been advised of that fact before pursuing the action that the District Court suggested and that the District Court later concluded, without discussion, subjected him to the PLRA. Under the circumstances, we conclude that Winkelman should not be subject to the PLRA for filing this appeal. Although we grant Winkelman's motion, he is now on notice that any further actions or proceedings in this regard—and the present record suggests that there should be none—will be subject to the PLRA if otherwise appropriate.

these issues, however, because Winkelman's motion states no basis for relief in any event.

For these reasons, we will affirm the judgment of the District Court. Winkelman's motion for review of the Clerk's IFP order of March 29, 2012, is granted, and that order is vacated to the extent that it directs the Warden or his or her designee to assess, collect and forward the $455.00 filing and docketing fee for this appeal in installments to the District Court. The Clerk will notify the Warden of this ruling.[5]

---

[5] After filing this appeal, Winkelman filed a similar motion in the District Court seeking reconsideration of its PLRA assessment order on the same grounds. The District Court, although it "sympathize[d]" with Winkelman's situation, denied that motion on May 18, 2012, because it thought itself bound to do so by this Court's precedent. We do not have jurisdiction to review that ruling because Winkelman has not filed a notice of appeal therefrom, and his time for doing so has now expired. See Fed. R. App. P. 4(a)(1)(B). The District Court may nevertheless wish to revisit that issue sua sponte in light of our ruling.