BLD-250                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1286
_____

UNITED STATES OF AMERICA

v.

JOHN F. WINKELMAN, JR.,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 01-cr-00304-009)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.66
May 23, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 14, 2013)
_____

OPINION
_____

PER CURIAM

        John F. Winkelman, Jr., appeals pro se from the order of the District Court

dismissing his motion for the return of property forfeited to the United States.  We will

affirm for substantially the same reasons we affirmed the denial of a nearly identical motion filed by Winkelman's brother and co-defendant, George A. Winkelman. See Winkelman v. United States, 494 F. App'x 217, 220 (3d Cir. 2012).[1]

In 2001, the Government indicted the Winkelmans and six others on drug and firearms charges arising from their participation in a cocaine distribution ring. The third superseding indictment included a charge of criminal forfeiture under 21 U.S.C. § 853. During the criminal proceeding, the Government sought and the District Court granted a temporary restraining order freezing a Sovereign Bank account that the Winkelmans held under the name Winkelman, Inc., which the Government contended contained the proceeds of drug sales.

In 2003, a jury found both Winkelmans guilty of drug and firearm offenses and found them jointly and severally liable for $2 million on the forfeiture count. On December 12, 2003, the District Court granted the Government's motion for an order of forfeiture of John's interest in the bank account and sentenced him to life imprisonment as a career offender. The order of forfeiture became final as to John's interest that same day. See Fed. R. Crim. P. 32.2(b)(4)(A). John appealed, and we affirmed his convictions and sentence. See United States v. Winkelman, 180 F. App'x 397, 402-03 (3d Cir. 2006). John raised no issue regarding the forfeiture on appeal.

George's proceeding took somewhat longer to become final. We affirmed his

---

[1] We will sometimes refer to John and George Winkelman by their first names for ease of

convictions but remanded for resentencing in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). See <u>Winkelman</u>, 180 F. App'x at 402-03. On remand, the District Court entered an order of forfeiture as to George's interest in the bank account, and that order became final as to him when the District Court sentenced him to 480 months of imprisonment on October 17, 2006. George filed an appeal but later voluntarily withdrew it.

Since then, the Winkelmans—sometimes jointly and sometimes individually— have raised numerous collateral challenges to their convictions and sentences by way of motions under 28 U.S.C. § 2255 and Rule 60(b) of the Federal Rules of Civil Procedure, petitions for habeas relief under 28 U.S.C. § 2241 and for writs of audita querela, and applications under 28 U.S.C. § 2244 for authorization to file successive § 2255 petitions.[2]

In 2012, George tried a different approach by filing a motion for the return of the forfeited bank account under 18 U.S.C. § 983(e). George alleged that the Government obtained the pre-trial restraint of that account by means of perjured affidavits and that his counsel rendered ineffective assistance in connection with that issue. In affirming the

---

reference. We intend no disrespect or undue familiarity in doing so.

[2] John's other proceedings in this Court alone include C.A. Nos. 08-1931 (§ 2255 certificate of appealability denied July 10, 2008), 09-2511 (§ 2241 appeal dismissed for non-prosecution), 09-4736 (§ 2244 application denied Feb. 1, 2010), 11-2055 (§ 2244 application denied May 13, 2011), 12-1782 (Rule 60(b) certificate of appealability denied July 5, 2012), 12-3851 (§ 2244 application denied Nov. 18, 2012), 13-1287 (Rule 60(b) appeal withdrawn), 13-1575 (§ 2255 appeal pending), 13-1647 (§ 2244 application denied Mar. 28, 2013), and 13-2332 (audita querela appeal pending).

denial of that motion, we explained that George could not obtain return of the bank account without first invalidating the criminal judgment of which it was a part, which he has failed to do, and that his arguments addressed to the pre-trial restraint of that account did not state a basis to invalidate the subsequent criminal judgment in any event. See Winkelman, 494 F. App'x at 220. Shortly thereafter, and despite our ruling, John tried his hand at the same approach by filing the nearly identical motion at issue here. The District Court dismissed the motion, in large part for the reasons we explained in George's appeal. John now appeals from that ruling, and we have jurisdiction under 28 U.S.C. § 1291.[3]

John acknowledged that his motion was nearly identical to George's, but he stated therein that George "is currently working on a petition for a writ of certiorari to the Supreme Court, do [sic] to the many mistakes made by the District Court and the Court of Appeals in regard to his filing." (Mot. for Return of Prop. at 13.) The United States Supreme Court denied certiorari on December 3, 2012 (U.S. S. Ct. No. 12-6968), and

---

[3] John's notice of appeal was untimely, but he sought and the District Court granted reopening of the time to appeal on the ground that he had not received notice of the judgment under Rule 77(d) of the Federal Rules of Civil Procedure. See Fed. R. App. P. 4(a)(6). Because the District Court's reopening of the time to appeal complies with the requirements of Rule 4(a)(6) and 28 U.S.C. § 2107(c), John's notice of appeal is timely and we have jurisdiction. See Bowles v. Russell, 551 U.S. 205, 213 (2007). Our jurisdiction does not extend to the District Court's subsequent denial of reconsideration because John did not separately appeal from that ruling. See Fed. R. App. P. 4(a)(4)(B)(ii).

4

there is no reason to revisit John's materially identical allegations in this case.[4]

John raises only one new argument. In our opinion addressing George's previous appeal, we noted that he did not allege that he lacked notice of his 2006 forfeiture order. See Winkelman, 494 F. App'x at 219 n.3. John seizes on that reference to argue as an additional ground for return of the account that he did not receive notice of George's 2006 forfeiture order. That argument is specious. John's interest in the bank account was finally forfeited in 2003 as part of the criminal judgment against him that we affirmed. Thus, John no longer had any interest in the bank account to assert when the District Court later entered its 2006 order of forfeiture as to George.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[4] In addition to the reasons we gave in rejecting George's appeal, we note that one of John's § 2244 applications was based on the same purportedly new evidence of perjury on which both brothers relied in seeking the return of their account. We denied that application over two years ago. (C.A. No. 11-2055, May 13, 2011.)