**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 15-2133
_____

UNITED STATES OF AMERICA

v.

GEORGE A. WINKELMAN,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. 4-01-cr-00304-008)
District Court Judge:  Honorable Yvette Kane

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2015
Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Filed: September 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

    George A. Winkelman, a federal prisoner proceeding pro se, appeals the District

Court's order denying his motion pursuant to Rule 36 of the Federal Rules of Criminal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Procedure. This appeal presents no substantial question, and we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court sentenced Winkelman to prison for 720 months for drug-trafficking and firearms-related convictions. This Court affirmed Winkelman's convictions but remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005), because the sentencing court "engaged in fact-finding regarding the quantity of drugs for which [he] was responsible, his leadership role in the offense and his obstruction of justice." United States v. Winkelman, 180 F. App'x 397, 402 (3d Cir. 402). These facts were presented in Winkelman's pre-sentence investigation report ("PSR"). On remand, the District Court adopted the PSR's factual findings but exercised its discretion to sentence Winkelman to the statutory minimum.

Winkelman filed the instant motion pursuant to Rule 36, requesting that the District Court order the United States Probation Office to correct "clerical errors" in the PSR. Specifically, Winkelman sought to strike from the PSR any reference to the quantity of drugs, his leadership role, and his obstruction of justice. Winkelman claimed that these "clerical errors" have an "adverse action" on his application for clemency and would hinder any future effort to be transferred to a lower security prison. The District Court denied the motion because the PSR contained no clerical errors.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly denied relief. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a

judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) (quotation and citation omitted); see also United States v. Smalley, 517 F.3d 208, 213 (3d Cir. 2008). As the District Court found, the PSR contains no clerical errors—its statements concerning Winkelman's leadership role in a conspiracy involving between 15 and 50 kilograms of cocaine, and that he obstructed justice during the investigation, are not "clerical errors." Moreover, Winkelman cannot use Rule 36 to work a substantive change to the PSR on the grounds that its findings were not found by a jury. See Bennett, 423 at 277 ("Rule 36 provides no basis to correct substantive errors in the sentence."). Therefore, the District Court properly denied relief.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.