# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60487
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

JUAN ANTONIO VAZQUEZ,

Plaintiff-Appellant

v.

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

Juan Antonio Vazquez filed an action against the Drug Enforcement Administration (DEA) seeking to set aside the 2006 forfeiture of more than $7,000, and citing 28 U.S.C. § 1331 and Federal Rule of Criminal Procedure 41. The district court held that the forfeiture was based on 21 U.S.C. § 881 and that Vazquez's exclusive remedy for setting aside the forfeiture was found at 18 U.S.C. § 983(e). The district court granted summary judgment and dismissed the action as untimely under the five-year limitations period of § 983(e)(3). Vazquez appealed, and this court granted him leave to appeal in forma pauperis (IFP)Vazquez's property was forfeited pursuant to 21 U.S.C. § 881, and a motion under 18 U.S.C. § 983(e) is the appropriate recourse to set

No. 14-60487

aside a forfeiture conducted pursuant to 21 U.S.C. § 881.[1]  *See* 18 U.S.C. § 983(e)(5); 18 U.S.C. § 983(e)(1) ("Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture . . . ."); 18 U.S.C. § 983(i) (defining "civil forfeiture statute" as "any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense" and as excluding forfeitures conducted under Title 19).  The procedures set forth in 19 U.S.C. §§ 1602–1621 are incorporated in 21 U.S.C. § 881.  *See* 21 U.S.C. § 881(d); *United States v. Morgan*, 84 F.3d 765, 766 n.2 (5th Cir. 1996) (describing how the procedural provisions set forth in 19 U.S.C. §§ 1602–1621 are incorporated by reference in 21 U.S.C. § 881(d)).  Because Vazquez's property was forfeited under 21 U.S.C. § 881, the five-year statute of limitations in 18 U.S.C. § 983(e)(3) applies.[2]  *Conard v. United States*, 470 F. App'x 336, 339 (5th Cir. 2012)[3] ("When CAFRA was enacted in 2000, its statutory provisions became 'the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.'" (quoting 18 U.S.C. § 983(e)(5))).

---

[1]  In his motion to proceed IFP, Vasquez argued that the six-year limitations period of 28 U.S.C. § 2401(a) applies, apparently relying on *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000).  He does not repeat that argument in his merits brief.  In any event, that case is distinguishable.  *Clymore* concerned a forfeiture conducted prior to the enactment of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "which overhauled procedures for most federal civil and nonjudicial forfeiture actions initiated after August 23, 2000, including those brought against property subject to forfeiture under 18 U.S.C. § 981." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005); *see also Arevalo v. United States*, 238 F. App'x 869, 871 (3d Cir. 2007) ("Pre-CAFRA actions involving the forfeiture of property by the United States without proper notice are subject to a six-year limitation period.").  Accordingly, the six-year statute of limitations does not apply to Vazquez's claim.

[2]  In his merits brief, Vazquez maintained that that the correct limitations period was provided by 19 U.S.C. § 1621.  However, that statute provides the time limits in which the Government may seek forfeiture and is accordingly not applicable to Vazquez's claim to set aside the forfeiture.

[3]  Although *Conard* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4).

2

No. 14-60487

We liberally construed Vazquez's motion to proceed IFP on appeal as raising equitable tolling.  We need not decide whether equitable tolling applies to a statute such as 18 U.S.C. § 983(e) that itself seems designed to cut off rights in full after a lengthy period of time for a person who failed to receive the requisite statutory notice.  *Cf. Landry v. United States*, 600 F. App'x 216, 218 n.4 (5th Cir. 2015) (noting that the litigant in that case sought equitable tolling but failed to establish its elements).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  On the record before us, Vazquez was not diligent in pursuing his rights.  Although Vazquez sought return of the money in the weeks immediately following its seizure, he subsequently waited over two years before inquiring into the status of the property.  With such an extreme delay, it cannot be said that Vazquez was diligent.  *See Stroman v. Thaler*, 603 F.3d 299, 301–03 (5th Cir. 2010); *see also Manning v. Epps*, 688 F.3d 177, 186 (5th Cir. 2012) ("[C]omplete inactivity" for nineteen months "does not constitute diligence").

For the foregoing reasons, we AFFIRM the judgment of the district court.  The motions by Vazquez and the DEA to supplement the record on appeal with documents related to the adequacy of notice are DENIED.