DLD-238                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2292
_____

GEORGE A. WINKELMAN,
Appellant

v.

FRANCISCO J. QUINTANA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00354)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: July 29, 2011)
_____

OPINION
_____

PER CURIAM

    George A. Winkelman appeals pro se from an order dismissing his petition filed

under 28 U.S.C. § 2241.  The Government has moved for summary affirmance.  Because

no substantial question is presented by this appeal, we will summarily affirm the order of the District Court.

In 2003, Winkelman was sentenced to 720 months' imprisonment for drug-trafficking and firearms convictions in the Middle District of Pennsylvania. In 2006, this Court affirmed the conviction, but vacated the sentence and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). On remand, Winkelman was sentenced to 480 months' imprisonment. Winkelman appealed, but moved to withdraw the appeal, which this Court granted.

In 2007, Winkelman filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Pennsylvania. Winkelman's § 2255 motion raised twenty-seven claims. Winkelman attempted to amend his § 2255 motion to include the argument that he did not use a firearm under 18 U.S.C. § 924(c)(1)(A) based on the Supreme Court's opinion in Watson v. United States, 552 U.S. 74 (2007). The District Court denied the § 2255 motion, finding the claims meritless and/or procedurally defaulted. The District Court also denied Winkelman's amendment because Winkelman failed to file a brief pursuant to M.D. Pa. R. 7.5 and declined the District Court's invitation to withdraw his original § 2255 motion and file an all-inclusive motion. This Court denied his request for a certificate of appealability. C.A. No. 08-1932.

In 2008, Winkelman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Pennsylvania, his district of confinement. Winkelman alleged his sentence should be vacated and the case should be remanded for

2

resentencing because he is actually innocent of the firearms offenses based on <u>Watson v. United States</u>, and his sentence is invalid under <u>United States v. Whitley</u>, 529 F.3d 150 (2d Cir. 2008). The District Court dismissed the petition for lack of subject matter jurisdiction. Winkelman appeals.

We have jurisdiction under 28 U.S.C. §1291. We exercise plenary review over the District Court's legal conclusions, and we apply a clearly erroneous standard to any factual findings. <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner, however, may challenge a conviction pursuant to § 2241 where a § 2255 motion would be inadequate or ineffective. <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997). Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective, nor do AEDPA's restrictions on filing successive § 2255 motions. <u>See</u> <u>Cradle</u>, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> at 538. This Court has found § 2255 inadequate or ineffective in the "unusual" situation, where a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." <u>Dorsainvil</u>, 119 F.3d at 251; <u>see</u> <u>Okereke</u>, 307 F.3d at 120.

3

Winkelman claims that § 2255 is inadequate or ineffective because the Supreme Court decision in <u>Watson</u> negated his firearms convictions. Based on <u>Watson</u>, Winkelman claims that he did not use a firearm under 18 U.S.C. § 924(c)(1)(A).[1] Even if <u>Watson</u> negates his firearms convictions, Winkelman had an earlier opportunity to challenge, and did attempt to challenge, his firearms convictions under <u>Watson</u>. However, the District Court denied his <u>Watson</u> argument on procedural grounds, and this Court denied his request to appeal that decision. Winkelman, therefore, does not fit within the narrow situation where a § 2255 motion would be inadequate or ineffective to challenge a conviction, and the District Court properly dismissed Winkelman's § 2241 petition for lack of subject matter jurisdiction.

Accordingly, we will grant the Government's motion and affirm the District Court's judgment.

---

[1] The District Court correctly noted that Winkelman's invalid sentence argument under <u>Whitley</u> was abrogated by <u>Abbott v. United States</u>, ___ U.S. ___, 131 S. Ct. 18 (2010).