BLD-093                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4306
_____

GEORGE A. WINKELMAN,
                                                    Appellant

v.

ARCHIE LONGLEY, Warden
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-11-cv-00240)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: February 8, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Appellant George Winkelman filed a 28 U.S.C. § 2241 petition in October of

2011.  A United States Magistrate Judge concluded that Winkelman's petition was an

abuse of the writ, and in the alternative that Winkelman had failed to show that a 28

U.S.C. § 2255 motion was "inadequate or ineffective to challenge the validity of his

conviction." Winkelman v. Longley, No. 11–240E, 2011 WL 5859414, at *2 (W.D. Pa. Nov. 3, 2011) (Report and Recommendation). The District Court adopted this decision over Winkelman's objections, see Winkelman v. Longley, No. 1:11–cv–240, 2011 WL 5864086 (W.D. Pa. Nov. 22, 2011), and we will now affirm.

As the District Court observed, Winkelman has on several prior occasions mounted collateral attacks on his federal conviction, beginning with a § 2255 motion on February 20, 2007. See United States v. Winkelman, C.A. No. 08-1932 (order denying certificate of appealability entered July 10, 2008). In December of 2008, Winkelman filed a § 2241 petition in which he claimed, inter alia, that the Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007), had effectively invalidated his 18 U.S.C. § 924(c)(1) convictions. Despite the clear deficiencies of the petition, the District Court undertook a lengthy review of the governing law and of the record, before determining that Winkelman's "situation [wa]s not the rare one rendering § 2255 inadequate or ineffective." See Winkelman v. Quintana, No. 08–354, 2011 WL 1434614, at *2–5 (W.D. Pa. Apr. 14, 2011). Thus, "[e]ven if this Court were to find that Petitioner could proceed under § 2241, which it does not, he clearly is not entitled to any substantive relief." Id. at *5. We affirmed, agreeing with the District Court that § 2255 was not inadequate or ineffective to challenge the conviction. Winkelman v. Quintana, 440 F. App'x 92, 93–94 (3d Cir. 2011).

We have jurisdiction over the present petition pursuant to 28 U.S.C. § 1291. It presents nothing new. Winkelman again challenges the § 924(c)(1) convictions in light

2

of <u>Watson</u>, and also attacks the conduct of the District Court in adjudicating his § 2255 motion, which he claims deprived him of due process. We agree with the District Court that Winkelman has not shown that § 2255 relief is inadequate or ineffective. As we explained in our prior ruling:

> "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner, however, may challenge a conviction pursuant to § 2241 where a § 2255 motion would be inadequate or ineffective. <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997). . . . Even if <u>Watson</u> negates [the] firearms convictions, Winkelman had an earlier opportunity to challenge, and did attempt to challenge, his firearms convictions under <u>Watson</u>. However, the District Court denied his <u>Watson</u> argument on procedural grounds, and this Court denied his request to appeal that decision. Winkelman, therefore, does not fit within the narrow situation where a § 2255 motion would be inadequate or ineffective to challenge a conviction."

<u>Winkelman</u>, 440 F. App'x at 93–94. As nothing has changed since that decision, and as this appeal presents no substantial question, we will again affirm the District Court's judgment.[1] <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); <u>see also</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] George argues that he was denied due process because the District Court held him to procedural requirements more stringently than it did the Government. As his grievance is with the District Court's actions during his § 2255 collateral attack, such a claim does not affect the validity of his conviction and sentence.

3