

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# USA v. Diamond

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3837

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. Diamond" (2009). *2009 Decisions.* Paper 1491.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1491

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-3837

———

UNITED STATES OF AMERICA

v.

MICHAEL DIAMOND
a/k/a JERMAINE D. BURTON
a/k/a KEITH DIAMOND

Michael Anthony Diamond,
                                                Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 06-cr-00892)
District Judge: Hon. Susan D. Wigenton

———

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before: SCIRICA, Chief Judge, SLOVITER and FISHER,
Circuit Judges

(Filed:  April 23, 2009)

———

OPINION

SLOVITER, Circuit Judge.

Michael Anthony Diamond, who was convicted by a jury of three counts of mail fraud in violation of 18 U.S.C. § 1341, appeals his conviction and sentence. We will affirm.[1]

## I.

During the pendency of Diamond's appeal of his 2004 conviction for wire fraud, he sent a series of mailings to the persons involved in his prosecution as well as the presiding federal judge. Diamond sought to create a basis for his filing of UCC-1 financing statements against the judge and Assistant United States Attorney ("A.U.S.A.") for $10,000,000 each. Diamond had one such mailing, titled Certificate of Satisfaction, notarized and mailed to the District Court; it was received by the court on December 12, 2005, and entered on the docket of Diamond's then-pending criminal action. It purported to establish that the District Judge who presided over the 2004 wire fraud trial had, inter alia, consented to involuntary bankruptcy.

Diamond argues that because this document, charged in Count Two, was not identified in the testimony given by the Assistant United States Attorney, the government failed to prove the intended victim of the fraud received the mailing, and, therefore, there was insufficient evidence to support the conviction. We reject Diamond's challenge,

[1] This Court has jurisdiction to review a challenge to a conviction under 28 U.S.C. § 1291. We have jurisdiction to review an appeal of a sentence pursuant to 18 U.S.C. § 3742(a).

2

which we review under the plain error standard because it was not properly preserved at trial. There was ample evidence of the mailing and that it furthered Diamond's scheme to eliminate his $75,000 restitution obligation.

## II.

Diamond next argues that his conviction should be vacated because the District Court erroneously instructed the jury. We review a district court's jury instructions for abuse of discretion. *United States v. Hoffecker*, 530 F.3d 137, 167 (3d Cir. 2008) (citing *United States v. Leahy*, 445 F.3d 634, 642 (3d Cir. 2006)).

Diamond first contends the District Court erred in failing to give an instruction on good faith. We uphold a District Court's denial of a requested good faith instruction, "where the instructions given already contain a specific statement of the government's burden to prove the elements of a 'knowledge' crime," including the intent requirements. *Leahy*, 445 F.3d at 651(citing *United States v. Gross*, 961 F.2d 1097, 1102-03 (3d Cir. 1992)). Here, the jury instructions adequately defined the intent element of the crime, therefore obviating the need for a separate instruction on good faith. After the District Court defined the terms "knowingly" and "willfully," App. at 396-97, it instructed jurors that to convict Diamond they had to find beyond a reasonable doubt that he had acted "knowingly, willfully and with intent to defraud." App. at 403. The court went on to explain the various ways requisite intent could be established. The instruction was adequate.

Diamond also argues the jury was improperly instructed because the District Court refused to give an instruction stating that "mailings that serve to put the defrauded party on notice, or make the execution of the fraud less likely, are not covered under this section." App. at 681. Under the abuse of discretion standard, this Court will order a new trial based on a district court's refusal to give a proposed jury instruction "only when the requested instruction was correct, not substantially covered by the instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the defendant." *Hoffecker*, 530 F.3d at 167 (quoting *Leahy*, 445 F.3d at 651).

Here, Diamond's claim must fail, as there is no evidence the proposed jury instruction was correct. Diamond gleaned the language of the instruction from a factually distinct case from another circuit. Moreover, this Circuit's Model Criminal Jury Instructions do not contemplate such an instruction. *See* 3d Cir. Model Crim. Jury Instructions § 6.18.1341-5. Commentary in the model instructions stating that routine, innocent or even counterproductive mailings may form the basis of a mail fraud conviction suggests the instruction proffered by Diamond was an incorrect statement of the law in this Circuit. *See id.*

Diamond also argues the District Court erred in instructing the jury on willful blindness. We have held that a willful blindness charge does not lower the government's burden of proving intent when the charge "'emphasize[s] the necessity of proving a subjective awareness.'" *United States v. Stewart*, 185 F.3d 112, 126 (3d Cir. 1999)

4

(quoting *United States v. Caminos*, 770 F.2d 361, 365 (3d Cir. 1985)). In this case, the District Court properly instructed the jury that if it found "the defendant was subjectively aware of a high probability of the existence of a fact and deliberately tried to avoid learning that fact . . . you may find that the government has satisfied its burden of proving the element of knowledge of that fact." App. at 396. We reject all of Diamond's challenges to the jury instructions.

## III.

In challenging his sentence, Diamond argues the District Court erred in failing to grant a two-level downward adjustment for acceptance of responsibility. We review for clear error a district court's factual findings underlying a denial to adjust a sentence for acceptance of responsibility. *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007). We will "reverse only if we are left with a definite and firm conviction that a mistake has been committed." *Id.*

The record is devoid of any acceptance of responsibility by Diamond. Not only did he challenge the case on its merits during trial in the District Court, at sentencing he argued vigorously that he did not intend to perpetrate a fraud. Thus, the District Court did not clearly err in refusing to grant a downward adjustment for acceptance of responsibility.

## IV.

For the reasons set forth, we will affirm the District Court's judgment of

conviction and sentence.