Gerald Austin McHugh, United States District Judge
This case involves a prosecution for Hobbs Act robbery where the Defendant was also charged with brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The question before me is whether, once a jury has unanimously agreed that a firearm was brandished, it must also unanimously agree that the firearm employed was the specific weapon identified in the indictment. Because I conclude that the type of firearm used is not an element of the offense defined by § 924(c), and because in this case the variance between the Government's proof at trial and the language of the indictment cannot be said to have prejudiced any substantial right of the Defendant, his Motion to Vacate his conviction for brandishing a weapon will be denied.
The charges against Defendant Terrance Hill arose from his participation in an armed robbery of a Subway sandwich shop on Lancaster Avenue in the Overbrook section of Philadelphia on January 18, 2014. Along with three accomplices, Hill took cash from the store's register, and in the process brandished a firearm in the presence of a Subway employee. The robbery was one of a series in which Hill had participated, together with another perpetrator, Shyheem Williams[1] , who, like Hill, also had access to a handgun.
With respect to the § 924(c) offense, the Indictment charged Hill with carrying and brandishing a particular firearm, a SAR ARMS 9mm handgun, Model SARB6P, with an obliterated serial number. As the case proceeded, the Government eventually concluded that the weapon brandished by Hill during the Subway robbery was a different one, a weapon that was in fact later confiscated from his accomplice, Shyheem Williams. At trial, the Government then presented evidence suggesting that the gun brandished by Hill actually belonged to Williams, from whom it was ultimately seized. During its deliberations, the jury astutely recognized that the Government's evidence at trial differed from the terms of the Indictment. It communicated a question to the Court, as follows: "To be found guilty of brandished [sic] a firearm does the firearm have to be SAR ARMS 9 mm? Can it be any gun?" Def.'s Ex. B, ECF No. 56-2. Because the correct answer required a nuanced analysis of competing opinions from the Court of Appeals, rather than delay the jury's deliberations, I reserved ruling on the legal question, and submitted a supplemental interrogatory that would provide clarity as to the factual basis for whatever verdict the jury reached. The jury was asked: "If you found defendant TERRANCE HILL guilty on Count 2 ... please answer the following interrogatory as well: Do you unanimously find that the firearm that was brandished was an SAR ARMS 9 mm handgun?" The jury answered this question in the negative, leading to Defendant's Motion to Vacate. Supplemental Jury Interrog., ECF No. 50.
The defense relies upon United States v. Theodoropoulos for the proposition that the jury can only convict based on the *389 weapon specified in the indictment. 866 F.2d 587, 597 (3d Cir. 1989), overruled on other grounds by United States v. Price , 76 F.3d 526, 528 (3d Cir. 1996). The Government responds that the language from Theodoropoulos forming the basis for Defendant's argument was later characterized as dicta in United States v. Wise , 515 F.3d 207, 214 (3d Cir. 2008), where the Court of Appeals reached a contrary result. Having carefully studied these competing decisions, I am persuaded that the Government is correct that Wise sets the controlling standard.
Theodoropoulos was a prosecution for conspiracy, including a § 924(c)(1) charge for using a firearm to further drug trafficking. The evidence included a shotgun found inside an apartment used by the defendants, where drugs and drug paraphernalia were also found, and three additional weapons found outside in a trash can on the porch of the property, which were not recovered until after the defendants had been taken into custody. The jury returned a conviction, but its verdict did not identify the specific weapon that formed the basis for its verdict. The Court of Appeals vacated the conviction because an element of the offense was the use of a firearm in furtherance of trafficking. Theodoropoulos , 866 F.2d at 597-98. While it was confident that the shotgun inside the property where the drugs were found could be deemed to have furthered unlawful dealing, the court was concerned that the presence of guns on the porch did not rise above mere possession, which the statute did not criminalize. In the course of its analysis, the Court remarked that the trial judge had correctly instructed the jury it must be unanimous as to which firearm was involved. Id. at 597.
In Wise , a separate panel of the Third Circuit deemed this language from Theodoropoulos dicta.[2] Wise was also a prosecution for drug trafficking, in which the Government presented eyewitness testimony that both of the defendants brandished weapons during the course of their dealing-one a machine pistol, and the other a shotgun. Following conviction, Wise argued that the district court erred by failing to instruct the jury that it must be unanimous as to which weapon he brandished. The Court of Appeals characterized this argument as one that did not merit "extensive discussion" because "a specific type of firearm is not an element of a violation under 18 U.S.C. § 924(c)(1)(A)." Wise , 515 F.3d at 214.
The court in Wise cited precedent from three sister circuits, and language from a Supreme Court case, Richardson v. United States , 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), which was handed down after Theodoropoulos . Richardson was a prosecution for participation in a "continuing criminal enterprise," one element of which is participation in underlying criminal conduct. In discussing whether unanimity as to the underlying criminal acts was required, the Court focused on the difference between the elements of an offense, and the means by which it is carried out, as follows: "Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement-a disagreement about means-would not matter as long as all 12 jurors unanimously *390 concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force." Richardson , 526 U.S. at 817, 119 S.Ct. 1707.
In following Wise rather than Theodoropoulos , I agree that the language on which Defendant relies was not essential to the court's decision in Theodoropoulos , and is therefore dicta.[3] The question of unanimity was squarely presented for decision in Wise , and the Court of Appeals answered it by adopting the rule followed in other circuits, with further consideration of the Supreme Court's approach in Richardson. Furthermore, the substantive analysis in Wise is consistent with Theodoropoulos because in each, the principal focus of the courts' discussion was on the elements of the offense defined by § 924(c). Moreover, as the Government points out, the comment to the Third Circuit's Model Instruction for § 924(c)(1) cites Wise for the proposition that the jury need not be unanimous as to the type of gun possessed by the defendant. 3d Cir. Model Crim. Jury Instructions § 6.18.924A cmt. (2018).[4] Finally, with respect to the type of harm § 924(c) is meant to deter, any display of a firearm in connection with threatened force exacts a toll upon those confronted with it. In sum, proof of a specific type of firearm is not an element of the offense set forth in § 924(c)(1). I therefore hold that the jury's unanimous conclusion beyond a reasonable doubt that Hill brandished some firearm is sufficient to sustain his conviction.
Hill next argues that this court constructively amended the Indictment by allowing a conviction without jury unanimity as to the specific weapon used, in violation of the Fifth Amendment. Under the Fifth Amendment, a Grand Jury must review and approve of criminal charges. It is therefore unlawful for a defendant to be convicted of a crime beyond what was charged in the Indictment. United States v. Centeno , 793 F.3d 378, 389 (3d Cir. 2015).
The supplemental interrogatory submitted here did not amount to a constructive amendment because the elements of the offense under § 924(c)(1) remained the same. There is no risk that the interrogatory modified "the essential terms of the charged offense in such a way that there [was] a substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense the indictment returned by the grand jury actually charged." United States v. Daraio , 445 F.3d 253, 259-60 (3d Cir. 2006). On its face, Count Two of the Indictment charged Mr. Hill with brandishing "a firearm," and the jury unanimously found that he did so. Indictment, Def.'s Ex. A, ECF No. 56-1. The Indictment went on to supply supplemental details concerning the weapon, but the difference between those identifying details and the evidence at trial did not have the effect of "broadening" the charge because the essence of the offense as defined by the statute was the act of brandishing *391 the firearm, not its specific characteristics.[5] See United States v. Miller , 471 U.S. 130, 145, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985).
Defendant next correctly observes that use of the supplemental instruction constituted a variance from the Indictment, which occurs "where the charging terms of the indictment are not changed but when the evidence at the trial proves facts materially different from those alleged in the indictment." Daraio , 445 F.3d at 261. The question then becomes whether that variance "prejudiced some substantial right." Id. at 262.
Daraio further provides that "[a] variance does not prejudice a defendant's substantial rights (1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, [or] (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense." Id. (citing United States v. Schoenhut , 576 F.2d 1010, 1021-22 (3d Cir. 1978) ).
Here, the defense does not point to any fear of double jeopardy. As to prejudice, the most it can offer is that the Government was inconsistent in its arguments to the jury. But there is no suggestion that Hill would have misunderstood the charge against him or have been surprised by evidence at trial showing that he was actually brandishing a weapon supplied by his accomplice.
For these reasons, the Motion to Vacate will be denied.

Mr. Williams was prosecuted separately and is awaiting sentencing.

"This Court previously remarked in dicta that a district court had properly instructed the jury that it must unanimously agree on which weapon a defendant had used during a drug trafficking crime in order to convict him under 18 U.S.C. § 924(c)(1) (1986)." Wise , 515 F.3d at 215.

I also assume that although one panel of the Third Circuit cannot overrule another panel, it is appropriate for a later panel to interpret an earlier decision, as the Court did in Wise.

Although the Model Instructions are not held out as authoritative by the Third Circuit, the Introduction to the Instructions, http://www.ca3.uscourts.gov/model-jury-instruction, makes clear the impressive quality of the analysis performed in formulating them, and courts have cited to the Comments as authority. See, e.g. , United States v. Diamond , 322 F. App'x 255, 256-57 (3d Cir. 2009) ; United States v. Salahuddin , 2013 WL 1163755, at *3 (D.N.J. 2013), aff'd 765 F.3d 329, 344 (3d Cir. 2014).

In a non-precedential case involving § 924(c)(1), United States v. Winkelman , 180 F. App'x 397, 401 (3d Cir. 2006), the Third Circuit held that no error was committed in allowing the Government to strike as surplusage language in the Indictment specifically identifying a firearm, before the case was submitted to the jury. It concluded that striking such language would at most create a non-prejudicial variance, and not constitute an amendment of the Indictment, citing United States v. De Cavalcante , 440 F.2d 1264, 1270-71 (3d Cir. 1971).